IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 16, 2014

## PERRY L. MCCROBEY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 290369     Rebecca J. Stern, Judge**

---

**No. E2014-00369-CCA-R3-HC - Filed December 11, 2014**

---

The Petitioner, Perry L. McCrobey, appeals the Hamilton County Criminal Court's dismissal of his petition for a writ of habeas corpus, petition for post-conviction relief, and petition for a writ of error coram nobis, seeking relief from his conviction of possession of cocaine for resale and resulting eight-year sentence. On appeal, we affirm the trial court's dismissal of the petitions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ROGER A. PAGE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

Perry L. McCrobey, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

In April 1994, the Hamilton County Grand Jury indicted the Petitioner for possessing cocaine on December 27, 1993, with intent to sell or deliver. On April 7, 1995, the Petitioner pled guilty to possession of cocaine for resale, a Class B felony, and received an eight-year sentence. According to the judgment, the Petitioner was to serve the sentence concurrently with a federal sentence. More than eighteen years later, on December 12, 2013, the Petitioner filed a "PETITION FOR WRIT OF HABEAS CORPUS, POST CONVICTION

RELIEF, AND/OR WRIT OF ERROR CORAM NOBIS," alleging that he was entitled to relief because (1) his guilty plea was void or voidable due to his plea not being entered knowingly, intelligently and voluntarily, (2) he received the ineffective assistance of counsel, and (3) he was actually innocent of the offense. The Petitioner acknowledged that his petitions for post-conviction relief and writ of error coram nobis were untimely but argued that he was entitled to tolling of the statute of limitations.

On January 21, 2014, the trial court issued an order dismissing the petitions. Regarding the writ of habeas corpus, the trial court denied relief on the basis that the Petitioner's judgment of conviction was no longer the cause of his imprisonment or the restraint on his liberty. Regarding the petition for post-conviction relief, the court concluded that the petition was untimely and that due process did not require tolling the statute of limitations. As to the writ of error coram nobis, the trial court determined that the petition did not "allege the discovery of new, admissible-at-trial evidence of actual innocence, only the discovery of new, irrelevant-at-trial-and-therefore-inadmissible-at-trial evidence of ineffectiveness of counsel." The Petitioner filed a timely notice of appeal to this court.

## II. Analysis

The Petitioner contends that he is entitled to habeas corpus relief because his "plea agreement effectively amended the indictment, as there was a defect in the indictment itself."[1] The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Accordingly, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, the petitioner has the burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked

---

[1]As noted by the Petitioner, neither the indictment nor the judgment reflect the amount of cocaine involved. However, the judgment reflects that he was convicted of a Class B felony. At the time of the offense, possession of cocaine was a Class B felony if the amount involved one-half gram or more. See Tenn. Code Ann. § 39-17-417(c)(1) (1993).

jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

As a prerequisite to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). Persons detained because of federal convictions are not entitled to state habeas review of their federal detention. See Tenn. Code Ann. § 29-21-102. The "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004). Moreover, "[h]abeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." Summers v. State, 212 S.W.3d 251, 257 (Tenn. 2007).

The Petitioner pled guilty on April 7, 1995, and was ordered to serve his sentence concurrently with a federal sentence. He is presently incarcerated in a federal prison, and nothing in the record suggests that he is serving the sentence from the challenged judgment with his current federal sentence, notably because the 1995 sentence has apparently expired. See Faulkner v. State, 226 S.W.3d 358, 362 (Tenn. 2007). Therefore, his claim for habeas corpus relief is unavailing.

Regarding his post-conviction claim, the Petitioner contends that he is entitled to relief because the trial court failed to advise him about "certain consequences of his plea" as required by Rule 11, Tennessee Rules of Criminal Procedure, and Boykin v. Alabama, 395 U.S. 238 (1969); because he was coerced into pleading guilty "to a defective charge of which he was actually innocent"; and because he received the ineffective assistance of counsel. However, the one-year statute of limitations for filing a petition for post-conviction relief expired years before he filed the instant petition. See Tenn. Code Ann. § 40-30-102(a). The Petitioner does not allege any grounds which would provide an exception to the statute of limitations. See Tenn. Code Ann. § 40-30-102(b). In addition, he does not allege any facts that would require that the limitations period be tolled based upon due process concerns. See Burford v. State, 845 S.W.2d 204, 208-09 (Tenn. 1992). For example, he does not allege that trial counsel misled him as to further representation on appeal which deprived him of a reasonable opportunity to seek post-conviction relief. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001) (holding that strict application of the statute of limitations when a petitioner has been unilaterally deprived of the opportunity to seek appellate review of his convictions through misrepresentations of his attorney may violate due process). Therefore, he also is not entitled to post-conviction relief.

Finally, regarding the Petitioner's claim for a writ of error coram nobis, he states that "[t]he facts of the instant case at bar establishes that McCrobey is actually innocent of possession of cocaine with intent to sell or [deliver].  McCrobey possessed less than 0.3 grams of cocaine, which was purchased on December 27, 1993 for personal use."  The writ of error coram nobis "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall."  State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999).  Currently, the writ is codified as follows in Tennessee Code Annotated section 40-26-105(b):

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated that when examining a petition for writ of error coram nobis, a trial court is to

> first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity.  If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

State v. Vasques, 221 S.W.3d 514, 527 (Tenn. 2007).  In determining whether the new information may have led to a different result, the question before the court is "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceeding might have been different.'"  Id. (quoting State v. Roberto Vasques, No. M2004-00166-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 1100, at *36-37 (Nashville, Oct. 7, 2005)).  The decision to grant or deny such a writ rests within the sound discretion of the trial court.  Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988).

A petition for a writ of error coram nobis must be filed within one year of the date the

judgment becomes final in the trial court. Tenn. Code Ann. § 27-7-103. Clearly, the instant petition was filed well-beyond the one-year statute of limitations. Nevertheless, the one-year statute of limitations may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. <u>Wilson v. State</u>, 367 S.W.3d 229, 234 (Tenn. 2012).

Nothing indicates why the Petitioner waited eighteen years after his guilty plea to present his coram nobis claim. In any event, he has not presented any newly discovered evidence that may have resulted in a different judgment, and, therefore, has failed to state a cognizable claim for coram nobis relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE